STATE OF MISSOURI at the Relation of UTILITIES POWER & LIGHT CORPORATION, a Corporation, Relator, v. O'NEILL RYAN and FRANK C. O'MALLEY, Judges of the Circuit Court of the City of St. Louis.—88 S. W. (2d) 157.

Court en Banc, November 20, 1935.

*W. T. Ragland* and *Igoe, Carroll, Higgs & Keefe* for relator.

*Edward A. Haid* and *Sullivan, Reeder & Finley* for respondents; *Jones, Hocker, Gladney & Jones* of counsel.

COLLET, J.—Prohibition to prevent respondent as judge of Division Two of the Circuit Court of the City of St. Louis from further proceedings against relator in the circuit court of that city based upon substituted service, in a cause wherein relator is one of several defendants.

Relator, Utilities Power & Light Corporation, is a Virginia corporation, is not licensed in Missouri and has never engaged in business here. It appears to own a sufficient amount of the common stock of the Laclede Gas Light Company, a Missouri corporation engaged in

1184

the distribution and sale of gas in the city of St. Louis, to give it control of the latter company. Louis M. Monheimer is a stockholder in the Laclede Gas Light Company. On June 16, 1933, Mr. Monheimer filed an amended petition in the Circuit Court of the City of St. Louis naming the Laclede Gas Light Company, the relator and several other corporations and individuals, defendants. In respondent's brief that action is tersely described as follows:

"It is an action by a minority stockholder of The Laclede Gas Light Company against the relator and certain personal defendants, as its henchmen, alleging that these defendants, by taking advantage of their position of control over the Laclede Gas Light Company and other operating companies, have entered into certain contracts and leases and perpetrated certain acts, all to the detriment of the stockholders of The Laclede Gas Light Company and to the benefit of these several defendants, including the relator. The prayer is that these funds thus improperly filched and diverted from the corporate coffers of The Laclede Gas Light Company be restored to The Laclede Gas Light Company by the defendants, including the relator, and in order to effect this, that a lien be declared against the stock of The Laclede Gas Light Company held by relator and for an order directing that this stock be sold to satisfy this lien."

Upon the filing of the amended petition in the cause above referred to a summons with a copy of the petition attached was issued and directed to any officer authorized by law to serve process within the State of Illinois commanding that relator be summoned to appear and answer in said cause at the following term. The sheriff of Cook County, Illinois, thereafter filed a return showing that he had served the summons and a copy of the amended petition upon relator in the State of Illinois. On September 19, 1933, an order of publication was issued directing relator to appear at the December Term, 1933. Publication of the order was properly made. No other process was issued directed to relator and no writ of any kind directing the attachment or restraint of the use of any property owned by relator has been issued. At the December, 1933, term, relator filed motions to quash the summons and the order of publication. These motions were overruled June 3, 1935. Without further proceeding in the circuit court relator applied to this court for its writ of prohibition to prevent further action against it in the circuit court in said cause upon the grounds (1) that relator is not a resident of Missouri and not engaged in business therein and (2) because it appears upon the face of the amended petition that the action is not one wherein process may be issued against relator by summons to another state or by publication.

Our preliminary rule was issued July 11, 1935, to which respondent filed return alleging the pendency of the action in the circuit court upon the amended petition, the issuance of the summons and

the service thereof on relator in the State of Illinois, the issuance and publication of the order of publication, the filing and overruling of the motions to quash the summons and order of publication, and the absence of any attachment, garnishment, injunction or other process against relator, other than as above stated. The return further alleges that the petition before respondent charges that the ownership of the stock of The Laclede Gas Light Company by relator is unlawful, which question it is asserted respondent has jurisdiction to determine. The return further charges that relator has entered its personal appearance by filing the motions to quash the summons and order of publication.

Two questions are presented for determination (1) whether the action pending before respondent comes within the purview of Section 739, Revised Statutes 1929, authorizing service by publication; (2) whether relator has entered its appearance and thereby waived any lack of service.

That part of Section 739 which is material here is as follows:

"In suits in partition, divorce, attachment, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens and all other liens against either real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court, . . . the court . . . shall make an order directed to the nonresidents or absentees, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition, . . . and requiring such defendant or defendants to appear on a day to be named therein and answer the petition, or that the petition will be taken as confessed." [Sec. 739, R. S. 1929.]

Respondent is of the opinion that the case pending before it comes within the class of cases described in Section 739 as follows:

"In all actions . . . in equity which have for their immediate object the enforcement . . . of any lawful . . . claim . . . against any . . . personal property within the jurisdiction of the court."

The object of the present action, as stated in the petition and as characterized by counsel for respondent, does not support this conclusion. Respondent designates the present action as a suit in equity to recover funds improperly paid relator. There appears to be no contention that the plaintiff Monheimer has any interest whatever in the stock held by relator (the property within the jurisdiction of the court). Neither is it charged that any of plaintiff's funds or the funds which he says were unlawfully taken from The Laclede Company were used in the purchase of the stock. The immediate object of the action therefore is not the enforcement of a claim against this.

stock but is the procurement of a general judgment against relator upon facts and arising out of circumstances entirely unrelated to the existence of the stock in relator's hands. The right to procure a personal judgment on substituted service is not and could not be asserted. But that would be, in effect, the result sought to be obtained in the action pending before respondent.

But counsel says, in effect, that Monheimer in his suit in equity should have all the rights available in suits at law because "equity follows the law," and that since attachment is available in lawsuits the present action should be considered as the equitable counterpart of an action by attachment with all of the rights and benefits incident to the latter. We do not think that theory is sound. Service by publication or other substituted service is not only a statutory right but the requirements of the statute authorizing such service must be strictly complied with. [Chapman v. Chapman, 269 Mo. 663, 192 S. W. 448; St. Louis v. Williams, 235 Mo. 503, 139 S. W. 340; Stanton v. Thompson, 234 Mo. 7, 136 S. W. 698.] Therefore unless the statute confers the right to obtain substituted service in a case which answers the description of an equitable counterpart to a suit by attachment, no such right exists. It is of no moment here that the State has the power or right, as stated in Pennoyer v. Neff, 95 U. S. 714, and other cases cited, to subject property situated within its limits owned by nonresidents to the payment of the demand of its own citizens in any or all classes of cases on substituted service, unless the State has exercised that power by appropriate legislation. As stated in Chapman v. Chapman, supra, l. c. 674: "The courts cannot get such power until the State gives it to them by law." Section 739 does not confer such authority in an action of this character.

The case of Clark v. Brotherhood of Locomotive Firemen, 99 Mo. App. 687, 74 S. W. 412, cited by respondent, does not assert a contrary rule. In that case Clark, a member of a brotherhood which had issued to him a disability benefit certificate, was suing on the certificate for losses resulting from disabilities. He asked that certain funds arising from the levy of assessments for the payment of disabilities such as his be impounded. The court said: "It is therefore seen that this case falls within one of the several classes mentioned in Section 575, Revised Statutes 1899" (now Sec. 739), evidently on the theory that the immediate object of the action was the enforcement or establishment of a lawful claim to the fund.

Counsel asserts that respondent has jurisdiction of relator's property (the common stock of The Laclede Gas Light Company) on substituted service for the purpose of determining whether any valid order of the Public Service Commission has been made authorizing relator to hold that stock. Relator states that this is the same stock the transfer of which to relator we approved in State ex rel. City of

St. Louis v. Public Service Commission, 335 Mo. 448, 73 S. W. (2d) 393. It also asserts that the State alone can raise the question. [K. C. Southern Ry. v. Chicago Great Western Railroad Co., 58 Fed. (2d) 810.]

Regardless of these latter questions raised by relator, it clearly appears from the petition that the immediate object of the action is not the determination of the title to the stock in question. Hence substituted service was not authorized by Section 739. In addition to that the petition assumes ownership when it asks the court to order the stock sold to satisfy such judgment as Monheimer may secure against relator. We held in State ex rel. v. Barnett, 245 Mo. 99, l. c. 117, 149 S. W. 311, that jurisdiction could not be foisted upon a court in this manner.

■ Did relator enter its voluntary appearance and thereby give the court jurisdiction of its person? Counsel for respondent concedes that a litigant may come into court by way of a special appearance and deny the jurisdiction of the court over his person without submitting to that jurisdiction, but it is said that relator went further and challenged the court's jurisdiction over the subject matter, thereby waiving the absence of personal service. The motion to quash the summons is as follows:

"Now comes the defendant Utilities Power & Light Corporation, appearing specially for the purpose of this motion and solely upon the grounds herein stated and for no other purpose and upon no other grounds whatever, and moves the Court to quash and annul, as to this defendant, the summons issued in this cause on the 16th day of June, 1933, directed to any officer authorized by law to serve process within the State of Illinois and commanding that this defendant and others be summoned in this cause, for the following reasons, to-wit:

"(1) Because, upon the face of the record herein, and as shown by the averments of plaintiff's petition and amended petition herein filed, this Court has no jurisdiction in this cause over this defendant or its property for any purpose whatever.

"(2) Because, upon the face of the record herein, and as shown by the averments of plaintiff's petition and amended petition herein filed, the issuance of said summons was and is without warrant or authority of law, in excess of the jurisdiction of this Court and void."

The motion to quash the order of publication is to the same effect.

Relator contends that by its motions is did not challenge the jurisdiction of the court over the subject matter of the action but only raised the question of jurisdiction over its property. The subject matter of an action has been defined to mean the nature of the cause of action or the relief sought (Hope v. Blair, 105 Mo. 85, 16 S. W. 595), or the power to entertain the suit (Hill v. Barton, 194 Mo. App. l. c. 335, 188 S. W. 1105). Was respondent's authority to hear

and determine the class of cases to which this one belongs questioned by relator's motion? We think not. The cases cited announcing the general rule of waiver where a litigant appears to object to the court's jurisdiction of the subject matter of the action are therefore not in point. That relator had the right to appear specially to object to the court's jurisdiction over his person or property in a proper case such as the case before us is amply illustrated by the opinion of the Supreme Court of the United States in the case of Davis v. Cleveland C. C. & St. L. Ry. Co., 217 U. S. l. c. 174.

The preliminary rule is made absolute. All concur.