**STATE ex rel. J.E. DUNN, JR. & ASSOCIATES, INC., Relator,**

v.

**The Honorable Fred E. SCHOENLAUB, Judge, Circuit Court, Buchanan County, Respondent.**

**STATE ex rel. ST. JOSEPH HOSPITAL, a Missouri Corporation, Relator,**

v.

**The Honorable Byron L. KINDER, Judge, Circuit Court, Cole County, Respondent.**

Nos. 65218, 65320.

Supreme Court of Missouri, En Banc.

April 16, 1984.

Cyril M. Hendricks, Curtis G. Hanrahan, Jefferson City, for relators.

R. Dan Boulware, R. Edward Murphy, St. Joseph, P. Pierre Dominique, Jefferson City, for respondents.

GUNN, Judge.

This appeal is a meld of two original proceedings in prohibition. Relator St. Joseph Hospital is plaintiff in a suit brought in the Circuit Court of Buchanan County against relator J.E. Dunn, Jr. & Assoc., Inc. (Dunn). Relator Dunn is plaintiff in a later-filed suit brought in the Circuit Court of Cole County against the hospital and

certain other parties. Each relator in its position as defendant in the action against it filed a motion to dismiss based on the pendency of the action which it is prosecuting as plaintiff. Both motions were overruled by the respective circuit courts, and both parties seek prohibition in this Court to prevent further proceedings in the adverse actions. We issued our provisional rule in response to each of relator's petitions. Relator St. Joseph Hospital's rule in prohibition is now made permanent, and the Circuit Court of Cole County is directed to dismiss relator Dunn's petition with respect to the hospital only. Relator Dunn's provisional rule in prohibition is hereby quashed.

■ Stripped of all festoons, the bare, dispositive issue relates to Rule 55.32(a)—compulsory counterclaims. As developed in the opinion, Dunn's cause of action against St. Joseph Hospital should be part of a compulsory counterclaim in the Buchanan County Circuit Court. The Cole County Circuit Court is therefore without jurisdiction over the contest between St. Joseph Hospital and Dunn, and prohibition is the appropriate remedy to be applied in this circumstance. *State ex rel. Davis v. Moss,* 392 S.W.2d 260, 261 (Mo. banc 1965); *Jewish Hospital of St. Louis v. Gaertner,* 655 S.W.2d 638, 640 (Mo.App.1983).

The facts are established by the petitions in prohibition and their returns. St. Joseph Hospital contracted with relator Dunn to construct a new hospital facility, with Dunn to act as general contractor. After substantial work had been completed and pursuant to the contract's arbitration clause, Dunn instituted proceedings to arbitrate a claim against the hospital for overages. The hospital, taking the first court action, filed the Buchanan County suit seeking to enjoin Dunn from continuing to pursue arbitration of the claim. The hospital's petition also alleged the existence of substantial claims against Dunn for failure to perform but did not request specific corresponding relief.

Subsequently, Dunn filed its action in Cole County against St. Joseph Hospital, its construction manager and the architect on the project. Dunn's petition alleged that it was caused additional work by reason of the hospital's interference with the performance of the construction contract and sought damages as a result of the hospital's refusal to submit to arbitration. The petition also charged the construction manager and the architect with tortiously inducing the hospital to breach the contract. The hospital thereafter amended its petition seeking damages for Dunn's alleged delay on the project.

The hospital asserts that the Cole County action should be barred, either under the doctrine of abatement or as a compulsory counterclaim under Rule 55.32(a) to the Buchanan County action. Dunn denies that the Cole County action involves a compulsory counterclaim to the Buchanan County suit and further contends that the hospital is barred from asserting its claim for damages in the latter litigation, also under the doctrine of abatement.

Dunn also contends that its petition for writ of prohibition must be answered by the judge of the Circuit Court of Buchanan County in his own name.

■ Raised by both parties, the first matter to be considered is abatement, which when applied destroys the cause of action. *Cregan v. Clark,* 658 S.W.2d 924, 926–27 (Mo.App.1983). Obviously, then, each party seeks its application in its favor.

■ The principle of abatement bears the enlightening appellation of "pending action doctrine." It comes into being in the situation in which a subsequent suit is instigated by the plaintiff in a previous suit. Treatment of the second action is generally as follows: "[W]here two actions involving the same subject matter between the same parties are brought in courts of concurrent jurisdiction, the court in which service of process is first obtained acquires exclusive jurisdiction and may dispose of the entire controversy without interference from the other." *State ex rel. General Dynamics v. Luten,* 566 S.W.2d 452, 458 (Mo. banc 1978). Abatement is also properly applied

to a later action between the same parties for the same cause of action brought in the same court or a court of another jurisdiction. *See State ex rel. Industrial Properties, Inc. v. Weinstein,* 306 S.W.2d 634, 637–38 (Mo.App.1957) (dealing with annexation proceedings). However, this bit of rubric ordinarily does not apply to cases where the parties' alignment (as plaintiff or defendant) in the original suit is reversed in the subsequent action, as it is designed to prohibit one party from twice prosecuting the same cause of action. Reliance for this precept is found in some venerable authorities: *Long v. Lackawana Coal & Iron Co.,* 233 Mo. 713, 136 S.W. 673, 679 (1911); *Rodney v. Gibbs,* 184 Mo. 1, 82 S.W. 187, 188–89 (1904); *Northcutt v. McKibben,* 236 Mo.App. 605, 159 S.W.2d 699, 704 (1942); *State ex rel. Aetna Life Ins. Co. v. Knehans,* 31 S.W.2d 226, 228–29 (Mo.App. 1930); 1 Am.Jur.2d *Abatement, Survival, and Revival,* § 23 (1962).

▉ Notwithstanding, abatement is manifestly appropriate even though the parties are reversed in the situation in which the second cause of action is essentially identical to the first action filed. *Younghaus v. Lakey,* 559 S.W.2d 30, 31 (Mo.App.1977); *Nicholls v. Lowther,* 491 S.W.2d 3, 5 (Mo.App.1973); *State ex rel. Dunphy v. Eversole,* 339 S.W.2d 506, 509 (Mo.App.1960); Am.Jur.2d *Abatement, supra.*[1]

▉ The claims asserted by St. Joseph Hospital and Dunn as plaintiffs in the underlying actions are not so substantially identical as to justify abatement. The hospital brought its action to prevent Dunn from arbitrating certain claims. A favorable judgment for the hospital would not have prevented Dunn from asserting them in a judicial forum. Dunn's suit, although it would likely have concluded the issue of its right to arbitrate its claims, also sought to recover for them.

Neither Dunn's claim for additional compensation and damages for failure to sub-

mit to arbitration nor the hospital's amended claim for consequential damages is amenable to abatement.

Application of Rule 55.32(a) dealing with compulsory counterclaims is another matter, and here St. Joseph Hospital prevails.

▉ Dunn's suit is barred (with respect to the hospital) as a compulsory counterclaim to the hospital's original suit. Rule 55.32(a), identical to F.R.Civ.P. 13(a), states in pertinent part that:

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

*Cantrell v. City of Caruthersville,* 359 Mo. 282, 221 S.W.2d 471 (1949), speaks most clearly in this regard. The clear function of the rule is to serve as "a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims." *Id.* at 474. It is not necessary that the opposing claims be conditional upon each other. *Harris v. Nola,* 537 S.W.2d 636, 640 (Mo.App.1976). And the term "subject matter" does not, as Dunn maintains, limit the scope of compulsory counterclaims to only those claims which are of the same nature or seek the same relief. *Cantrell,* 221 S.W.2d at 474–77. Rather, the subject matter of the opposing party's action more appropriately "describes the physical facts, the things real or personal, the money, lands, chattels, and the like, in relation to which the suit is prosecuted." *Cantrell,* 221 S.W.2d at 475. Obviously, then, "transaction" within the meaning of Rule 55.32 is to be applied in its broadest sense. *Jewish Hospital of St. Louis v. Gaertner,* 655 S.W.2d at 640.

It has been written:

---

**1.** Abatement is also appropriate in reciprocal divorce actions. *See State ex rel. Kincannon v.*

*Schoenlaub,* 521 S.W.2d 391, 393 (Mo. banc 1975).

**76** 

[A]s applied to contract actions, [Rule 55.32(a)] is similar to the ancient and familiar rule that a party suing for breach of contract must claim for all breaches under the same contract which exist at the time of the suit. A defendant in a contract action is now required to present all claims which he has against the plaintiff, arising out of the contract.

Blackmar, *Compulsory Counterclaims Under the Federal Rules and the Missouri Code*, 19 K.C.L.Rev. 38, 47 (1951).

 In this case, St. Joseph Hospital's suit in Buchanan County seeks to determine Dunn's right under the contract to compel the hospital to submit to arbitration of claims for additional compensation. Dunn's suit in another forum (Cole County) seeks to recover those claims in addition to damages for refusal to arbitrate. Both claims not only arise out of the same transaction—the contract—but are logically related, in that they both concern Dunn's claims for payment as at least an underlying fact. The fit of these suits then is precisely within the contemplation of Rule 55.32(a). It is not necessary to conclude that the hospital's suit sought to litigate Dunn's substantive right to payment as long as a logical relationship exists between the claims.

 Dunn's contention that its petition must be answered in the name of the circuit judge named as respondent in the prohibition proceeding requires scant comment for rejection. Rule 97.06 allows answer to be made by the parties to the underlying action.

 The holding of this case pertaining to compulsory counterclaims does not apply to those claims asserted by Dunn in the Cole County action against the architect and the construction manager, as these are not "opposing parties" in the Buchanan County suit. Rule 55.32(a).

We therefore make permanent our provisional rule in prohibition directed at the Circuit Court of Cole County, with the modification that relator Dunn may be permitted to proceed with those claims which are presently asserted against parties other than St. Joseph Hospital. We also quash our provisional rule in prohibition previously directed to the Circuit Court of Buchanan County.

All concur.