**DICKENSON MANOR, INC., Appellant,**

v.

**Warren E. SLAGLE, Trustee, and North American Savings Assn., Respondents.**

**No. WD 38524.**

Missouri Court of Appeals,
Western District.

July 7, 1987.

Harlene J. Hipsh, Kansas City, for appellant.

Warren E. Slagle, Kansas City, for respondents.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

KENNEDY, Presiding Judge.

This is an appeal from the trial court's dismissal of a Cass County suit for an injunction against the sale of real estate in Cass County in foreclosure of a deed of trust.

The plaintiff and appellant is Dickenson Manor, Inc., a corporation. According to its Cass County petition for an injunction, it had given a deed of trust to defendant North American Savings Association to secure payment of three one-year promissory notes totaling $440,000. The trustee, defendant Slagle, had advertised the property for sale under the deed of trust for plaintiff's alleged default in the payment of the promissory notes.

Plaintiff alleged that the promissory notes given to North American were given for interim financing of a planned retirement community, upon North American's agreement to convert the interim loan to a permanent loan upon the completion of a certain "Community Building", but that North American, in violation of its agreement, had refused to make the permanent loan.

The petition contained the following allegations:

10. That Defendant has filed an action in the Circuit Court of Jackson County, 1 Missouri, at Kansas City, entitled *North American Savings Association v. Dickenson Manor, Inc., Donald E. Sharp and Betty Lou Sharp,* (CV86–9283), a copy of which is attached hereto as Exhibit "I".

11. Said Petition prays the Court to reform certain guarantee agreements and for judgment on certain Notes and guarantee agreements.

12. That said Petition was filed on April 24, 1986, and served upon the Plaintiff on May 5, 1986. Plaintiff has not yet answered said Petition pending disposition of this action.

13. That Defendant's Petition in the above-referenced matter involves the same Notes, documents, real estate and subject matter as the action presently before this Court.

The Cass County trial court, as noted, dismissed the petition upon defendant's motion on the ground that plaintiff's claim should have been asserted as a compulsory counterclaim under Rule 55.32(a) in the Jackson County lawsuit described in plaintiff's petition, and that the Cass County Circuit Court had no jurisdiction thereof, *see State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub,* 668 S.W.2d 72 (Mo. banc 1984); *Jewish Hospital of St. Louis v. Gaertner,* 655 S.W.2d 638, 640 (Mo.App.1983).

We hold that the trial court was correct in this ruling. The injunction claim "arises out of the transaction or occurrence that was the subject matter" of North American's claim asserted in the Jackson County lawsuit. Rule 55.32(a).

Plaintiff argues the contrary. It states in its brief that its claim did not "arise out of the execution of or alleged default on any notes"—that plaintiff "did not ask the Cass County Circuit Court to decide questions which related to the validity of the notes or deeds of trust, questions which were before the Jackson County Circuit Court."

The compulsory counterclaim rule is not so narrowly interpreted as plaintiff supposes, and does not require such a neat docking of plaintiff's and defendant's opposing claims. The rule is "applied in its broadest sense", *State ex rel. J.E. Dunn, Jr. & Associates, Inc. v. Schoenlaub*, 668 S.W.2d 72, 75 (Mo. banc 1984); *West Oak Realty & Investment, Inc. v. Hernandez*, 682 S.W.2d 120, 122–124 (Mo.App.1984); *Jewish Hospital of St. Louis v. Gaertner*, 655 S.W.2d 638, 640 (Mo.App.1983). "The clear function of the rule is to serve as 'a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims'", 668 S.W.2d at 75 (quoting *Cantrell v. City of Caruthersville*, 359 Mo. 282, 287, 221 S.W.2d 471, 474 (1949)).

Plaintiff says, though, taking another tack, that § 508.030, RSMo 1986, required that its injunction suit be brought in Cass County, and that this statute takes precedence over the compulsory counterclaim rule. Section 508.030 provides as follows: "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated." The phrase "whereby the title may be affected" is held to mean that the judgment must operate directly upon the real estate title. *Ingram v. Great Lakes Pipe Line Co.*, 153 S.W.2d 547, 550 (Mo.App.1941); *Sanders v. Savage*, 234 Mo.App. 9, 129 S.W.2d 1061, 1063–64 (1939).

A suit for an injunction to prevent a foreclosure sale does not directly operate upon and affect title to real estate. It operates in personam, and only collaterally affects the title to the real estate. Juris-diction and venue thereof did not lie exclusively in Cass County under the provisions of § 508.030. *Sisk v. Molinaro*, 376 S.W.2d 175, 179–80 (Mo.1964); *State ex rel. South Missouri Pine Lumber Co. v. Dearing*, 180 Mo. 53, 79 S.W. 454, 457 (1904).

The judgment is affirmed.

All concur.