ARTHUR T. BREWSTER, Appellant, v. LUCY A. TERRY, Executrix Under the Will, of the Estate of P. S. TERRY, Deceased.—No. 38770.—180 S. W. (2d) 600.

Division Two, May 2, 1944.

Rehearing, Motion to Modify Opinion or

Transfer to Banc Denied, June 5, 1944.

968

*John A. Nolan, J. Arthur Francis* and *Arthur T. Brewster, pro se,* for appellant.

*Hennings, Green, Henry & Evans* for respondent.

BARRETT, C.—In August, 1923 Senator P. S. Terry loaned Mr. Arthur Brewster $2,000.00. To secure the note Senator Terry was given a deed of trust on 790 acres of land in Butler County, the title to which was in Mr. Brewster's mother, Mary J. Harston. In 1924, 1925, 1926 and 1927 interest was paid on the indebtedness. After 1927 little, if any, interest was paid, the taxes became in arrears in the sum of $1,556.60 and in October, 1929, Mr. Brewster delivered Senator Terry a warranty deed to the land with Mrs. Harston as grantor. Senator Terry and his wife, on June 29, 1932, conveyed the land to Louis Kay for a recited consideration of $4,000.00. Subsequently Kay, in turn, transferred the land back to Senator Terry and Mrs. Lucy A. Terry as tenants by the entirety. Mrs. Harston died and in 1937 Mr. Arthur Brewster acquired from his mother and his brother whatever interest they may have had in the land. The land in fact belonged to Mr. Brewster and title to it was in his mother for convenience only. Senator Terry died in June, 1936, and in 1937 Mr. Brewster instituted this action against Lucy A. Terry as the executrix of her husband's estate, claiming that the warranty deed of

June 29, 1932 was in fact intended by the parties as a mortgage rather than an absolute conveyance and he asked the court to so declare. He alleged the value of the land to be $15,000.00 and stated that it was impracticable and impossible to redeem the land in kind and "in lieu of his equitable right to redeem said land in kind and as an equitable substitute therefor he is entitled to an equitable money judgment representing the land, in a sum equal to the difference between the reasonable market value of said land and the total indebtedness due by plaintiff to the said P. S. Terry on said June 29, 1932." Mr. Brewster, in his petition, admitted an indebtedness to Senator Terry of $2,950.00, which may have included another loan, and prayed that the court (1) declare the absolute deed to be in fact an equitable mortgage to secure his indebtedness, (2) "that the plaintiff is entitled to redeem said land," (3) that the Terry estate does not own the land and that he is entitled to "a judgment of redemption in money" and (4) for an accounting.

Mrs. Terry filed an answer containing a general denial and a statement that she was the owner of the land in question and that Senator Terry purchased the land in order that he might be made whole on account of previous loans to Mr. Brewster. However, Mrs. Terry plead that she was now and had always been willing to account for the rents, profits and proceeds from the farm and in her petition set forth what she considered a true account. She stated that she did not know whether she was sued individually or in her representative capacity but in any event it was practicable and possible for her to convey the land to Mr. Brewster and she tendered into the court a deed to the land to be delivered upon his paying the indebtedness, consisting of the note, interest and taxes due. She also tendered the original note and deed of trust.

The trial court found that Mr. Brewster was indebted to Senator Terry in the total sum of $6,668.55. He found that the "real property is capable of being redeemed" and that Mrs. Terry was willing to convey it upon Mr. Brewster's payment to her of the amount the court finds due. He also found that if Mr. Brewster did not redeem Mrs. Terry was willing to keep the land and surrender the note and deed of trust for cancellation. The court entered a decree in accordance with its finding and gave Mr. Brewster thirty days in which to pay the debt and comply with the judgment of redemption and assessed the costs against the plaintiff.

Mr. Brewster appeals from the decree of redemption insisting now as he did throughout the trial that he had asked for and was entitled to a money judgment and that the decree entered was contrary to the pleadings, not responsive to the issues, that Mrs. Terry is not a party to the suit and that payment of the sum due to her could not be pleaded in bar against a later claim by the Terry estate. His position is that, of necessity, the court found in his favor on his

right to redeem and the court could not enter a judgment of redemption of the land because the Terry estate did not own the land and he was not compellable to accept a deed from one not a party to the suit. He also objects to the court's finding as to the sum due and to the payment of the costs.

The gist of the appellant's contention is summarized by this statement from his ▉ argument: "It is the well settled rule in Missouri, and in most of the other states, that land wrongfully disposed of, and which it is not in the power of the wrongdoer or his estate to restore in a condition equally as good as that in which it was at the time of its wrongful disposition, then the relief to be granted is to determine the value of the land at the time of its wrongful sale, and in its then condition, and award to the person wronged, damages in said sum, with interest, less the indebtedness existing at the time of the conversion."

Of the existence of such a rule there can be no doubt. It is particularly applicable and most frequently employed when the mortgagee under an absolute deed conveys the land to an innocent third party who becomes a purchaser for value without notice and it is thus impossible to restore the land to the mortgagor-grantor. Wilson v. Drumrite, 24 Mo. 304; Reilly v. Cullen, 159 Mo. 322, 60 S. W. 126; Smith v. Dickerson (Mo.), 199 S. W. 956; Mooney v. Bryne, 163 N. Y. 86, 57 N. E. 163 and the annotation 46 A. L. R. 1089. Depending on the circumstances, the court may enter a decree for the value of the land even though it has not been conveyed to an innocent third party. Turner v. Johnson, 95 Mo. 431, 7 S. W. 570.

However, the court is not absolutely bound, in any event, to enter the decree the plaintiff asks. If the court's decree can be sustained upon any theory supported by the facts the appellant is not entitled to have it set aside. Reynolds v. Reynolds, 234 Mo. 144, 136 S. W. 411. Undoubtedly the appellant's action is one to redeem. He asks to have the absolute deed declared to be a mortgage and specifically asks the court to find that he is entitled to redeem. And, if he is not entitled to redeem certainly he is not entitled to any relief whatever. The theory of redemption is just compensation (John Hancock Mut. Life Ins. Co. v. Howard (Tex.), 85 S. W. (2d) 986) and if under the facts as found by the court, and to which we defer, the plaintiff is compensated we cannot see how he can complain. The trial court has some discretion in fixing the terms upon which it will decree redemption. Hannah v. Davis, 112 Mo. 599, 20 S. W. 686.

In the first place, as to the appellant's indebtedness the court found that he owed Senator Terry $6,668.55. In his argument the appellant states that on June 29, 1932, the total indebtedness was $4,085.53. The appellant as a fact admitted that the account filed by Mrs. Terry was true and correct. His only objection is that he is not chargeable with items accruing after June 1932, the date of the

conveyance to Kay. That is probably true as to labor and even improvements. 2 Glenn, Mortgages, Sec. 218. But he is liable for the principal debt and taxes. 2 Jones, Mortgages, Secs. 1376, 1381. Those items alone total $5,680.95 and are admitted as having been paid. While it does not appear from the record what the additional item of $987.60 consists of it could well be interest from 1927, or 1932. Hannah v. Davis, supra.

Mrs. Terry was bound to account for the rents and profits, if the deed is a mortgage, but there were none and there is no evidence that there were. Annotation 46 A. L. R. 138; Turner v. Johnson, supra; Baker v. Cunningham, 162 Mo. 134, 62 S. W. 445. $1,307.80 was received as income; $1,300.00 of this sum was from the sale of timber, and Mrs. Terry accounted for that and it should be allowed as a credit. The uncontradicted evidence is that $1,300.00 was a fair and reasonable price for the timber.

The appellant insists that the value of the land at the time of its sale was $8,200.00. That was the testimony of one of his witnesses. Others of his witnesses placed a lower value on the land. And Mrs. Terry's witnesses all valued the land at from $5,500.00 down to $3,500.00 and so there was evidence that the debts exceeded the value of the land. There was also evidence that the removal of the timber had not lessened the value of the land since the timber had been paid for. In other words, there was a sharp conflict in the evidence as to the value of the land. But, regardless of its actual value in 1932, if it is worth $15,000.00 as alleged in the appellant's petition or $8,200.00 as testified by one of his witnesses we cannot see how he is injured if his debt is paid and he receives the land.

Mrs. Terry filed an answer, sufficiently broad in its scope to respond to the suit both individually and in her representative capacity, and the appellant without objection filed a reply to the answer, consequently he is in no position to object to it or the matters raised by it. Younger v. Evers, 333 Mo. 931, 64 S. W. ■■■ (2d) 936. Admittedly she was the owner of the land as well as the widow and personal representative of Senator Terry and, of course, interested in the litigation both personally and in her representative capacity and, in the court's discretion, entitled to intervene in the action. 39 Am. Jur., Sec. 67, p. 939; 47 C. J., Secs. 197-207; Wegenka v. St. Joseph (Mo. App.), 212 S. W. 71. Mrs. Terry has submitted herself, individually and in her representative capacity, to the court's jurisdiction; she has tendered a deed to the land in question as well as the original note and deed of trust and we have no doubt but that in either or any capacity she and the estate are bound by the court's decree. The consequence is that we encounter no difficulty in the fact that, originally, she may not have been a party to the suit personally or in the fact that she had become the owner of the land prior to the institution of the suit. The appellant sought to redeem the land, the

974

respondent individually and in her representative capacity entered into the litigation and agreed to subject herself and her property to the test of the appellant's cause and abide by the court's decree. The court was entitled to take both parties at their word and determine the whole controversy. 1 Glenn, Mortgages, Sec. 54, p. 360; Reynolds v. Reynolds, supra.

This is an equity proceeding and the assessment of the costs against the plaintiff was a matter within the trial court's discretion, in which we find no abuse, even though the appellant was the successful party as far as his substantive cause of action is concerned. Turner v. Johnson, supra; Mo. R. S. A., Secs. 1408-1409.

It does not appear from the record that the appellant was given credit for the $1,307.80 income from the sale of the timber against the indebtedness of $6,668.55. The judgment is remanded with directions to allow a credit of $1,307.80 against the total indebtedness of $6,668.55. Otherwise the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.