Charles DOMYAN and Rose Domyan,
Plaintiffs-Appellants,

v.

Thomas DORNIN and Mabel Dornin,
Defendants-Respondents.

No. 7900.

Springfield Court of Appeals.

Missouri.

August 8, 1961.

Ted M. Henson, Ted M. Henson, Jr., Poplar Bluff, for plaintiffs-appellants.

George B. Scott, Jr., Poplar Bluff, for defendants-respondents.

STONE, Presiding Judge.

On June 23, 1959, plaintiffs instituted this action in ejectment by the filing of their petition in conventional form, alleging that, at all times since January 1, 1958, they had been legally entitled to possession of the 194.32-acre farm specifically described in the petition, and that defendants had withheld such possession unlawfully. The prayer of the petition was for possession of the described premises, for $500 damages for unlawful withholding of possession, for monthly rents and profits, and for costs. In their answer, defendants denied all allegations of the petition, excepting only that they had been and were in possession of the described premises, and averred that, on October 29, 1956, they had entered into a written contract with plaintiffs for purchase of the farm and that defendants owed $2,462.96 under said contract which they theretofore, to-wit, on December 17, 1958, had tendered and again with their answer "hereby tender." In the last numbered paragraph of their answer, defendants prayed that the court "find and determine that the defendants are not in default of (sic) the contract and the contract is still valid and subsisting and * * * that the defendants are entitled to the *peacable* possession of the property under the provisions of the contract." In the closing unnumber-

ed paragraph, defendants asked only that "having fully answered * * * they can go hence without day and for their costs." Neither the petition nor the answer sought determination or conveyance of title to the real estate. After trial by the court without a jury on March 23, 1960, the case was taken under advisement. The judgment on April 8, 1960, showed the cause "resubmitted to the court," found "that defendants herein are not in default of (sic) the contract," "ordered, considered, adjudged and decreed * * * that the defendants herein have judgment against the plaintiffs on plaintiffs petition," taxed the costs against defendants, and then *"further ordered * * * that the plaintiffs execute deed to lands in suit and to deliver deed and abstracts of title to defendants."* Plaintiffs appeal.

Although neither plaintiffs nor defendants had questioned our jurisdiction prior thereto, in oral argument counsel frankly confessed doubt as to whether, by reason of the italicized portion of the final judgment, this is a case "involving * * * the title to real estate" of which our Supreme Court has exclusive appellate jurisdiction. Art. V, Sec. 3, Const. of Mo., 2 V.A.M.S. Plaintiffs' counsel subsequently filed suggestions in which they requested transfer to the Supreme Court; and, of course, it is our duty to consider and determine our jurisdiction regardless of whether it has been challenged. Hammonds v. Hammonds, Mo.App., 289 S.W.2d 903, 904(1), and cases there cited; Johnson v. Woodard, Mo.App., 343 S.W.2d 646, 648(1).

█ Innumerable opinions have considered what is required for a case to involve title to real estate within the meaning of our constitution. One of the most-frequently quoted statements is that "(t)he judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another." Nettleton Bank v.

McGauhey's Estate, 318 Mo. 948, 953, 2 S.W.2d 771, 774; Frey v. Leidigh & Havens Lumber Co., 338 Mo. 1, 88 S.W.2d 863, 865; Gibbany v. Walker, 342 Mo. 156, 113 S.W.2d 792, 793; Proffer v. Proffer, 342 Mo. 184, 114 S.W.2d 1035, 1036; Gebauer v. Gebauer, Mo., 163 S.W.2d 944, 945; Herriman v. Creason, 352 Mo. 1176, 181 S.W.2d 502, 503; Pearson Drainage Dist. v. Erhardt, Mo., 196 S.W.2d 855; Pursley v. Pursley, Mo., 213. S.W.2d 291, 292; Curators of Central College v. Shields, Mo.App., 182 S.W.2d 792, 796. Even more simply and succinctly put, "the judgment sought or rendered must directly affect or operate upon the title." Davis v. Watson, 158 Mo. 192, 196, 59 S.W. 65, 67; Nettleton Bank v. McGauhey's Estate, supra, 318 Mo. loc. cit. 952, 2 S.W.2d loc. cit. 774; Ballenger v. Windes, 338 Mo. 1039, 93 S.W.2d 882, 883(2); In re Ellis' Estate, Mo., 127 S.W. 2d 441, 442; Motchar v. Hollingsworth, Mo., 162 S.W.2d 805, 807(3); Mack v. Mack, Mo., 281 S.W.2d 872, 873; Deacon v. City of Ladue, Mo.App., 294 S.W.2d 616, 622.

█ Ejectment is a possessory action [Wood v. Gregory, Mo., 155 S.W.2d 168, 170(3), 138 A.L.R. 142; Levee Dist. No. 4 of Dunklin County v. Small, Mo.App., 281 S.W.2d 614, 615(1)], and it is clear that, "in an ordinary, simple, straight action in ejectment in which no title relief is sought or granted" [Cantrell v. City of Caruthersville, 359 Mo. 282, 290, 221 S.W.2d 471, 476], title to real estate is involved incidentally or collaterally but not directly in an appellate jurisdictional sense. Townsend v. Lawrence, Mo., 262 S.W.2d 55; State ex rel. Edie v. Shain, 348 Mo. 119, 152 S.W. 2d 174, 176(2). However, the judgment in this case was not limited to determination of the issues "in an ordinary, simple, straight action in ejectment," but plaintiffs, the owners of the farm whose possession they sought, were ordered to "execute deed to lands in suit and to deliver deed and abstracts of title to defendants." This is the character of relief prayed for and

granted in actions for specific performance of contracts to convey land [e. g., Tant v. Gee, 236 Mo.App. 133, 146 S.W.2d 61, transferred 348 Mo. 633, 154 S.W.2d 745], which repeatedly have been held to involve the title to real estate in an appellate jurisdictional sense. State ex rel. Place v. Bland, 353 Mo. 639, 647–649(1), 183 S.W. 2d 878, 884(4); Drake v. Hicks, Mo., 249 S.W.2d 358, 360(1); Kauflin v. Turek, Mo., 277 S.W.2d 540, 542(1); Barr v. Snyder, Mo., 294 S.W.2d 4, 5(1); Tant v. Gee, supra. In State ex rel. Place v. Bland, supra, 353 Mo. loc. cit. 649, 183 S.W.2d loc. cit. 885, our Supreme Court, en banc, said that "(w)e think these (cited) decisions and sound reason show that title is involved where it is taken from one and vested in another even subject to a contingency." As in Brewster v. Terry, Mo.App., 172 S.W.2d 5, 8 [id., 352 Mo. 967, 180 S.W.2d 600], the judgment under review, whether rightly or wrongly, expressly required execution and delivery of a deed conveying title to the real estate in suit. We are convinced that the judgment *rendered,* although not sought, directly affected or operated upon title.

■ " 'If the judgment *rendered* determine title, that is sufficient to classify the controversy, and title is involved in the constitutional sense, regardless of whether or not the pleadings are broad enough to sustain the judgment.' " State ex rel. Brown v. Hughes, 345 Mo. 958, 962, 137 S.W.2d 544, 545(6); Riley v. LaFont, Mo., 174 S.W.2d 857, 858(1); Nettleton Bank v. McGauhey's Estate, supra, 318 Mo. loc. cit. 954, 2 S.W.2d loc. cit. 775(10). See again State ex rel. Place v. Bland, supra, 353 Mo. loc. cit. 648, 183 S.W.2d loc. cit. 884(3). Even though that portion of the judgment directly affecting or operating upon title to real estate is without the issues raised by the pleadings, beyond the relief sought therein, and thus coram non judice and void [Brown v. Wilson, 348 Mo. 658, 666–667, 155 S.W.2d 176, 180(15, 16);

Hoelmer v. Heiskell, 359 Mo. 236, 240, 221 S.W.2d 142, 144–145(4)], appellate jurisdiction is in the Supreme Court and only that tribunal has the power and right to determine and declare the invalidity of such portion of the judgment and to relieve plaintiffs, the aggrieved and appealing parties. Howell v. Reynolds, Mo., 249 S.W.2d 381, 384(7); Rice v. Griffith, 349 Mo. 373, 376–377, 161 S.W.2d 220, 221(1); Watts v. Watts, 304 Mo. 361, 365, 263 S.W. 421, 422(4); Brewster v. Terry, supra, 172 S.W.2d loc. cit. 8(6). For, "jurisdiction carries with it the sole power to exercise the incidents and prerogatives of (such) jurisdiction, and negatives the existence of any such power in any other court." Starr v. Mitchell, Mo. App., 231 S.W.2d 299, 301; Id., 361 Mo. 908, 237 S.W.2d 123. And, being invested with appellate jurisdiction on one issue, the Supreme Court will retain the case for determination of all issues. Howell v. Reynolds, supra, 249 S.W.2d loc. cit. 384(8); Missouri City Coal Co. v. Walker, Mo.App., 183 S.W.2d 350; Id., Mo., 188 S.W.2d 39.

As was said in State ex rel. Place v. Bland, supra, 353 Mo. loc. cit. 648, 183 S.W.2d loc. cit. 884, our jurisdiction is "governed by the nature of the decree below"; and, since we undoubtedly "would not have constitutional power to affirm or enforce specific performance of a contract to buy or sell land" and thus "could not rule one way on that question," certainly we "could not rule the other" and "would have no power at all except to reject or transfer the case." The Clerk of this court is directed to transfer this cause forthwith [V.A.M.S. § 477.080], together with a copy of this order, to the Clerk of the Supreme Court.

McDOWELL, J., and HUNTER, Special Judge, concur.

RUARK, J., not participating.