In the Interest of A___ S___, a minor, A___ S___, a juvenile under the age of 17 years, by his Next Friend, Steven K. Brown, Appellant,

v.

William J. MURPHY, Juvenile Officer of the Juvenile Court, the Juvenile Division of the Circuit Court of the City of St. Louis, Respondent.

No. 34411.

Missouri Court of Appeals,
St. Louis District,
Division 2.

Sept. 12, 1972.

Motion for Rehearing or for Transfer to Supreme Court Denied Nov. 10, 1972.

Application to Transfer Denied Jan. 8, 1973.

Steven K. Brown, Legal Aid Society, Stanley E. Goldstein, T. E. Lauer, National Juvenile Law Center, St. Louis, for appellant.

Thomas R. McGinn, Chief Legal Officer, Edwin H. Steinmann, Jr., Robert M. Kaiser, Juvenile Court of City of St. Louis, St. Louis, for respondent.

SMITH, Judge.

Appellant is a juvenile. He was committed to Children's Services of the City of St. Louis, Missouri Hills by the juvenile court of the City of St. Louis. He appeals.

Three points are relied upon before this court, i. e.: (1) neither the petition nor the court order contained an allegation or finding that he was a child in need of care and treatment; (2) the court was without authority to order the commitment because it did not receive and consider information concerning the necessity of removing him from his home; (3) the court was without authority to order the commitment without first having a hearing on the question of disposition.

The order of the court found that the child was within the provisions of subdivision (c) and (d) of paragraph (1) of Section 211.031,[1] in that he had snatched a purse. The petition alleged in detail the acts which were the basis of the contention he had violated a state law. Neither order nor petition contained a statement that A—— S—— was in "need of care and treatment." It is claimed that the use of such language is required for the court to have jurisdiction over the child. No authority is cited for this proposition and we have found none. Section 211.031 provides that the juvenile court shall have exclusive original jurisdiction in proceedings "(1) Involving any child who may be within the county who is alleged to be in need of care and treatment because:" and then follow four specific situations which evidence a need for care and treatment. Section 211.091 provides that the petition shall state the *"facts"* which bring the child within the jurisdiction of the court; . . ." (emphasis supplied). Section 211.181 requires the court to make "a *finding of fact* upon which it exercises its jurisdiction over the child . . ." (emphasis supplied).

■ Both the petition and the order of the court contained the requisite factual statements to place the child under a specific situation provided in § 211.031(1). Both petition and order specifically recited that the child was within the applicable provisions of Section 211.031. It seems clear from a reading of § 211.031 that the legislature has made a determination that if a child is found to be within one of the four specific situations he is in need of care and treatment. We hold the allegations of the petition and of the court's order sufficiently set forth the facts upon which jurisdiction was based. See State v. Heath, 352 Mo. 1147, 181 S.W.2d 517.

Appellant's points (2) and (3) are somewhat interrelated. Some additional facts are necessary to an understanding of these points. Appellant originally came before the juvenile court in a petition filed June 12, 1970. He was at that time alleged to have stolen a purse, to have trespassed, and to have been upon the public streets at 1:45 a. m. without adult supervision. He was at the time 12 years old. The child was found to be within the provisions of the Juvenile Code because of the third allegation. No appeal was taken and on July 17, 1970, the child was placed upon official court supervision and subject to its official court rules for one year. The petition in the case at bar was filed August 26, 1971,

---

1. All statutory references are to Mo.Rev.Stat.1969 (V.A.M.S.).

alleging that on January 13, 1971, and February 15, 1971, appellant had snatched purses. An adjudicatory hearing was held on September 29, 1971 before the juvenile court referee and the child was found to have committed the February 15th offense. The cause was passed for disposition to November 1, 1971. The child requested a rehearing pursuant to § 211.029. The court at the rehearing found the child had committed the February 15th purse snatching and immediately committed the child to the care and custody of Missouri Hills. After an objection by the child's counsel to disposition at that time the court stated it would make such disposition and that the proceeding was one of change of custody.

■ We agree with appellant that the proceeding before the juvenile court was not a proceeding for change of custody under the original order of July 17, 1970, but was rather a determination under the petition of August 26, 1971. But what the proceeding was called by the juvenile court judge is not in this case of concern. The juvenile had notice of the hearing, was represented by counsel, and had an opportunity to confront and cross-examine witnesses. The juvenile court judge made a finding that the juvenile had committed the February purse snatching charged in the petition and upon that finding it invoked its jurisdiction over the child.

Section 211.171 provides:

"The procedure to be followed at the hearing shall be determined by the juvenile court judge and may be as formal or informal as he considers desirable. He *may* take testimony and inquire into the habits, surroundings, conditions and tendencies of the child to enable the court to render such order or judgment as will best promote the welfare of the child and carry out the objectives of sections 211.-011 to 211.431." (Emphasis supplied).

See also § 211.161 which provides that a court "may" cause a child to be examined by a physician, psychiatrist, or psychologist.

■ The use by the legislature of the word "may" evidences its intention that the judge is not required to take testimony or inquire into other social aspects of the child's background or environment. There may be cases in which the failure to do so would be an abuse of discretion, but we cannot say this is such a case.

The juvenile had previously been before the court and at that time was left in his home under court supervision for one year. During that period he again conducted himself in such fashion as to bring him within the jurisdiction of the juvenile court. The court ordered marked as evidence the rules of supervision in the prior case which had been signed by the mother and the juvenile. Those rules provided that the juvenile was not to violate the law and the mother admitted she was aware of that provision. No evidence was offered by counsel for the child nor was the court's attention directed to any social background which would warrant a different disposition than that made. Counsel's position was solely that he was not aware that disposition would be made at the hearing and was not prepared. The prior notice of rehearing filed by counsel requested that rehearing be granted as to all issues before the court on the hearing date and that included disposition. The rehearing was granted on October 7, 1971, and on that date set for November 1.

There was sufficient information before the juvenile court judge to warrant a conclusion that supervision in the home was not adequate for dealing with this child. It had, after all, been tried once and failed. We cannot convict the court of error in the disposition which was made.

■ We are also unable to conclude that the Juvenile Code requires that separate adjudicatory and dispositional hearings be held. The disposition section of the statute § 211.181 provides, "When a child is found

by the court to come within the applicable provisions of section 211.031, the court shall so decree and make a finding of fact upon which it exercises its jurisdiction over the child and the court may, by order duly entered, proceed as follows:

.    .    .    .    .    .

(2) Commit the child to the custody of:

(a) A public agency or institution authorized by law to care for children . . ."

There is certainly nothing in that language which requires that two separate proceedings be held. Section 211.171 deals with hearing procedure and begins, "The procedure to be followed at *the hearing* . . ." The use of the singular again indicates tht only one hearing is required. That section also provides that the hearing may be in the discretion of the court, "adjourned from time to time." The very provision for adjournment supports a conclusion that the hearing may also be conducted all at one time. The provisions of Section 211.211 are also relevant. There it is provided that before a juvenile can be subjected to one particular disposition (commitment to the state board of training schools) he is entitled to counsel at a hearing "held for that purpose." The legislature has by this provision specified that as to this form of disposition, the most serious, a hearing must be held on disposition. This section clearly evidences the legislative intent that as to other forms of disposition a special dispositional hearing is not required.

Appellant relies upon In re Juvenile Delinquency Appeal, Mo.App., 289 S.W.2d 436 and In the Interest of T— G—, Jr., Mo.App., 455 S.W.2d 3. Both cases dealt with when appeal from a judgment in juvenile court is to be taken. Both recognized that juvenile courts sometimes have an adjudicatory hearing followed later by a dispositional hearing. Neither case, however, supports a conclusion or holds that two distinct hearings are required. Appellant has also cited cases from other states in support of his position. Those cases need not be discussed for they arise in states where the Juvenile Code specifically requires separate adjudicatory and dispositional proceedings. We find no such requirement under the Missouri statutes. Nor do we find that appellant has been denied any constitutional right under In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. That case specifically dealt with the adjudicatory phase of the proceeding and not with the dispositional process and was so restricted by the court. Additionally, appellant has received the rights guaranteed by *Gault*, i. e.: notice of the charges, right to counsel, privilege against self-incrimination, and confrontation of witnesses and cross-examination.

Judgment affirmed.

DOWD, P. J., and SIMEONE, J., concur.