493 S.W.2d 686 (1973)
In the Interest of M---- K----, a child under 17 years of age, Appellant.
No. 34839.
Missouri Court of Appeals, St. Louis District, Division One.
April 3, 1973.
*687 Richard Boardman, Legal Aid Society, City of St. Louis, St. Louis, for appellant.
John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Thomas McGinn, Edwin H. Steinman, Jr., Juvenile Court, St. Louis, Charles B. Blackmar, Sp. Asst. Atty. Gen., Jefferson City, for respondent.
DOWD, Chief Judge.
This is an appeal from an adjudication of the juvenile court. The petition was brought under Section 211.031(1)(c) and (d)[1] of the Juvenile Code, alleging conduct injurious to the juvenile's welfare and the welfare of others, and the commission of an act of rape of a child under the age of 16 years, to wit: 13 years old.
The facts are that during the evening of August 22, 1971, the juvenile M---- K---- and a friend were approached by a third boy who told them that D---- S---- was willing to have intercourse with them. The juvenile was twelve years of age and the other two boys and the girl were thirteen. The three boys went to the girl's house and asked her to come to the clubhouse; the girl chose to go to the club-house alone because she did not want the neighbors to see her with the boys. The clubhouse was a small wooden building about three feet high and long enough for someone to lie down inside. The girl testified that when they arrived at the club she refused to enter it but was pulled into the club by the boys, and that the boys held her arms and legs during the intercourses. Although M---- K---- and another juvenile admitted having intercourse with her they testified that her participation was completely voluntary.
M---- K---- was the first to have intercourse with the girl and then one of the other boys had intercourse with her. The third boy apparently did not succeed in his attempt at intercourse. M---- K---- then had intercourse with the girl a second time.
At the end of the adjudicatory hearing the trial judge ordered the allegation as to rape changed from forcible rape to statutory rape. The court then entered an order finding that M---- K---- was within the provisions of subsections (c) and (d) of Section 211.031(1) and subject to the Juvenile Code.
The appellant argues (1) that statutory rape is within a class of crimes of which only an adult can be convicted and is therefore not within the scope of Section 211.031(1)(d), and (2) that the assumption of jurisdiction by the juvenile court was an arbitrary and unreasonable discrimination on the basis of sex.
Appellant claims that the juvenile court took jurisdiction solely on the basis of Section 211.031(1)(d) despite the fact that the petition alleged jurisdiction also on the basis of subsection (c), and despite the fact that in the adjudicatory order the court found the juvenile to come within (c) and (d) of this section. Subsection (c) orders the juvenile court to assume jurisdiction when the child's behavior is injurious "to his welfare or to the welfare of others." Under subsection (d), the juvenile court is to take jurisdiction whenever the child is alleged to have violated a state law or municipal ordinance.
We cannot agree that the juvenile court assumed jurisdiction solely on the basis of subsection (d). It is true that the evidence submitted to the juvenile court centered on the act of rape. It is also true that at one point, the court, in response to an objection by appellant's counsel, stated that the charge of forcible rape should be changed *688 to statutory rape and that the defendant came under the provisions of the Code "by reason of commission of the act." The court's statement, however, when viewed in its context, does not indicate that the court assumed jurisdiction solely on the basis of an alleged crime. At no time in the proceedings did the court exclude the jurisdictional basis offered by subsection (c). Furthermore, after the court heard the evidence it found that the juvenile came within the allegations of the petition. We agree. Therefore, there is no showing that the juvenile court waived subsection (c) as a basis for jurisdiction.
Subsection (c) deals with children who are behaving in ways injurious to themselves or others. The manner of such behavior is too varied to be stated exactly in the statute. Minor Children of F. B. v. Caruthers, 323 S.W.2d 397 (Mo.App.1959). Nevertheless, in this case, the petition was two-pronged. In asserting that the appellant was within the provisions of Section 211.031, the petition alleged first that his behavior was injurious to his welfare and that of others, and secondly that he had violated a state law, "in this, to wit: * * * That M---- K----, in the City of St. Louis, * * * in company and concert with others did willfully and unlawfully make an assault upon * * * a female child under the age of sixteen (16) years, * * * and did then and there willfully and unlawfully rape, ravish, and carnally know the said D---- S----; contrary to Section 559.260 * * *." The quoted portion of the petition specifies not only the alleged violation of a state law but also the conduct allegedly injurious to the juvenile's welfare and that of others. Therefore, we feel the petition, taken in its entirety, was sufficient for the court to assume jurisdiction under subsection (c).
This court will not set aside a judgment rendered in a court tried case unless clearly erroneous. Rule 73.01(d). The judgment in such a case is to be affirmed on review if it can be sustained on any reasonable theory. Brewster v. Terry, 352 Mo. 967, 180 S.W.2d 600 (1944); Edmonds v. Stratton, 457 S.W.2d 228[2] (Mo.App.1970).
The circumstances surrounding the acts of the juvenile involved here are quite unusual. It is undisputed that this juvenile twice had intercourse with a thirteen year old girl in the presence of two other boys who in turn had, or attempted to have, intercourse with the same girl. We feel that subsection (c) was a proper basis for the jurisdiction of the juvenile court in that the court could reasonably have found these acts, within the framework of these unusual circumstances, to have been injurious to this juvenile's welfare or the welfare of others.
Therefore, having determined that the judgment of the juvenile court can be affirmed on the basis of subsection (c), it is unnecessary to consider appellant's contention as to subsection (d) or appellant's second contention.
The judgment is affirmed.
WEIER and CLEMENS, JJ., concur.
NOTES
[1] All references to statutes and rules are to RSMo 1969, V.A.M.S. and V.A.M.R.