In re O_____ H_____, à minor.

Thomas J. Prebil, n/f., Plaintiff-Appellant,

v.

William J. MURPHY, Juvenile Officer of the Juvenile Court of the City of St. Louis, Defendant-Respondent.

No. 35466.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 23, 1974.

Donald L. Schmidt, Clayton, Charles W. Bobinette, St. Louis, for plaintiff-appellant.

Robert M. Kaiser, St. Louis, for Juvenile Court.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SMITH, Presiding Judge.

O—— H—— appeals from an adjudication of the juvenile court resulting in his commitment to the Training School for Boys at Boonville.

The petition by the Juvenile Officer charged that:

"5. The said child is within the applicable Provisions of Section 211.031 of the Revised Statutes, 1957 Supp., in this to-wit:

"Particularly within the provisions of subdivision (c) of paragraph 1 of RSMo. Section 211.031 in that the child's behavior is injurious to his welfare and the welfare of others, also subdivision (d) of said Section in that the child has violat-

ed a State Law or Municipal Ordinance, in this, to wit:

"5(a) That O—— H—— in the City of St. Louis, State of Missouri, on the 4th day of September, 1972, at approximately 11:15 a. m. did willfully ?and [sic] unlawfully escape the custody of Patn. William Harris, DSN 866, and Deputy Juvenile Officer Steve Murphy, while lawfully detained by said officers, contrary to Section 557.390 [1] Missouri Revised Statutes."

■ Initially, the child attacks this as duplicitous. We think not. Paragraph 5(a) specifies the particular conduct upon which the invocation of the court's jurisdiction is based. It is this specific conduct which the child must defend against, and if that conduct, if proved, places jurisdiction in the court under either subdivision of the statute the court may proceed to dispostion. We do not find this to be the joining of separate offenses in two counts as the child contends. It is rather one course of conduct which may subject O—— H—— to the jurisdiction of the Juvenile Court under either or both of two provisions of the statute.

The evidence established that O—— H—— was arrested for armed robbery by two policemen. The arrest was without a warrant but was based upon information the nature of which O—— H—— successfully objected to. After an attempt to flee from these officers and a subsequent re-apprehension, O—— H—— was taken to the Juvenile Court. While awaiting booking by Patrolman Harris and Mr. Murphy, O—— H—— bolted and ran. It is this latter flight upon which the Juvenile Officer proceeded.

O—— H—— contends he was illegally arrested therefore he was not in lawful

custody under the statute and could not be guilty of an escape. O—— H—— was arrested by police officers who turned him over to juvenile authorities as required by law.[2]

■■ The custody of O—— H—— by the juvenile authorities was pursuant to law and under color of law as they had received him from the police officers following the arrest for armed robbery. The child's contention is disposed of by State v. Hart, 411 S.W.2d 143 (Mo.1967) 1. c. 147–148:

"While there are authorities indicating that one charged with escape may defend by showing that he was not lawfully imprisoned, we are inclined to approve the statement that 'where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which he was arrested, tried, sentenced, committed, or imprisoned as to justify or require his release on appeal or habeas corpus'."

See also State v. Croney, 425 S.W.2d 65 (Mo.1968) [7].

The next contention is that a juvenile cannot be guilty of a violation of Sec. 557.390 because he cannot be held for a "criminal charge." See Sec. 211.271. We need not resolve whether Sec. 557.390 is limited to adults. A similar contention was advanced in In the Interest of M—— K——, 493 S.W.2d 686 (Mo.App.1973). We there said:

"Subsection (c) deals with children who are behaving in ways injurious to themselves or others. The manner of such behavior is too varied to be stated exact-

---

1. "Sec. 557.390: If any person lawfully imprisoned or detained in any county jail or other place of imprisonment, or in the custody of any officer, upon any criminal charge, before conviction, for the violation of any penal statute, shall break such prison or custody and escape therefrom, he shall, upon conviction, be punished by imprisonment in the penitentiary for a term not exceeding two years, or in a county jail not less than six months."

2. Sec. 211.061 RSMo 1969, V.A.M.S.

ly in the statute. Minor Children of F. B. v. Caruthers, 323 S.W.2d 397 (Mo. App.1959). Nevertheless, in this case, the petition was two-pronged . . . . The quoted portion of the petition specifies not only the alleged violation of a state law but also the conduct allegedly injurious to the juvenile's welfare and that of others. Therefore, we feel the petition, taken in its entirety, was sufficient for the court to assume jurisdiction under subsection (c)." (l. c. 688)

■ The same is true here. That O⎯⎯ H⎯⎯ ran from the custody of the juvenile authorities was clearly established. In Walsh v. Oehlert, 508 S.W.2d 222 (Mo.App.1974) we held that police officers were justified in using deadly force, if reasonable, to apprehend a fleeing juvenile accused of a felony. Conduct which authorized the use of deadly force to stop it is certainly behavior potentially injurious to the actor and others and warrants assumption of jurisdiction by the juvenile court under subsection (c). The evidence was clear that O⎯⎯ H⎯⎯ conducted himself in a way injurious to his own welfare and that of others and the facts of such conduct were affirmatively found by the trial court as required by Sec. 211.181. A specific finding that the child is in need of care and treatment is unnecessary if the operative facts of injurious conduct are found. See A⎯ S⎯ v. Murphy, 487 S.W.2d 589 (Mo.App.1972) [1, 2]. This court will not set aside a judgment in a court-tried case unless clearly erroneous. Such a judgment is to be affirmed on review if it can be sustained on any reasonable theory. In the Interest of M⎯ K⎯ , *supra*. The record here affords ample evidence that O⎯⎯ H⎯⎯ was subject to the jurisdiction of the Juvenile Court.

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.