**James C. SNIDER and Leon DeWayne Snider, Plaintiffs-Appellants,**

v.

**Lavern WILSON et al.,
Defendants-Respondents.**

No. 10647.

Missouri Court of Appeals,
Southern District,
Division One.

June 11, 1979.

Motion for Rehearing or to Transfer
Denied July 5, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Michael Baker, Springfield, for plaintiffs-appellants.

Keith V. Williams, Springfield, for defendants-respondents.

FLANIGAN, Chief Judge.

Plaintiffs James C. Snider and Leon De-Wayne Snider brought this ejectment action (Rule 89)[1] against six defendants who are members of the Mountain View Church. The Mountain View Church is unincorporated but it is affiliated with The Church of God of the Apostolic Faith, Inc. The church building and a portion of its premises are located on a 40-acre tract. Plaintiffs inherited the 40-acre tract from their mother but the deed under which their mother took the title contains this language: "Less one-half acre deeded for church."

The six defendants were sued as "representative parties" (Rule 52.08)[2] of the congregation. The petition, which was in conventional form, alleged that defendants were unlawfully withholding a described portion of the 40-acre tract. The prayer of the petition was for possession of that portion together with damages and costs.

The amended answer pleaded a description of the area in dispute.[3] The amended answer also pleaded that "the congregation and its members" had acquired title to the disputed area by adverse possession and that title thereto has vested in them "by virtue of the statute of limitations and that plaintiffs have no right, title, claim nor interest therein." The amended answer also denied that plaintiffs were entitled to possession of the disputed area and denied that plaintiffs had been damaged.

Significantly the prayer of the amended answer was "that plaintiffs' petition be dismissed and for naught held" and that defendants be discharged with their costs. Neither the petition nor the amended answer requested that the court determine and adjudicate title to the disputed area.

The trial court sitting without a jury, entered judgment denying plaintiffs relief on the petition and assessing the costs against the plaintiffs. Plaintiffs appeal.

Although plaintiffs' brief contains five "points relied on" each[4] of them presents the same claim of error: that the trial court erred in including in its judgment any determination or adjudication of the title to the disputed area. The claim of error is well taken. Indeed defendants' brief, at least tacitly, concedes the error.

The portion of the judgment which is under attack reads: "[T]he court] finds that trustees Bill Shriver, Floyd Kidd and Walter Russell, and their successor trustees, of the Mountain View Church of God of the Apostolic Faith, Barry County, Missouri, are the sole legal owners for the use and benefit of said church and its members and congregation of the following described land, to-wit: [description]." The judgment also stated two "reasons" in support of the title adjudication.

Plaintiffs' brief challenges the validity of the two "reasons" and advances additional arguments against the soundness of the trial court's title adjudication. These matters need not be discussed for the reason that under the pleadings the trial court had no authority to adjudicate the title.

■ Plaintiffs' petition, seeking possession and damages, was solely one in ejectment. *Hecker v. Bleish*, 319 Mo. 149, 3 S.W.2d 1008, 1019[17–22] (1927). Ejectment is a possessory action. *Wood v. Gregory*, 155 S.W.2d 168, 170[3] (Mo.1941); *Domyan v. Dornin*, 348 S.W.2d 360, 361 (Mo.

---

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R.

2. Neither side has raised any question concerning the propriety or impropriety of the "class action" aspect of this litigation and any possible issue connected therewith is neither considered nor ruled.

3. The parties later stipulated that the description set forth in the amended answer was accurate.

4. It might be argued that plaintiffs' first "point relied on," if it is given a most liberal construction, also raises the issue of the propriety of the portion of the trial court's judgment which denied plaintiffs' claim for possession. That portion is fully supported by the record. No precedential purpose would be served by discussing the evidence pertinent to the issue of right to possession.

App.1961). In an "ordinary, simple straight" action in ejectment in which no title relief is sought, title to real estate is involved only incidentally or collaterally and not directly. *Domyan*, supra, at 361.

*Domyan* was an ejectment action. Neither the petition nor the answer sought determination of title to the real estate. A portion of the judgment of the trial court purported to adjudicate title. The court of appeals pointed out that portion was void, as being "without the issues raised by the pleadings" and "beyond the relief sought therein." However, the inclusion of the void portion had the effect of vesting appellate jurisdiction in the supreme court.[5]

Neither the petition nor the amended answer[6] in the case at bar sought an adjudication of title. "While ownership including the possessory right was a fact to be determined, title, evidencing ownership, was but incidentally involved and neither of the parties, plaintiffs nor defendant, sought the relief of an adjudication of title. So it must be held the trial court's judgment in so far as it adjudicated title was coram non judice and void." *Hoelmer v. Heiskell*, 359 Mo. 236, 221 S.W.2d 142, 144[4] (1949). See also *Brown v. Wilson*, 348 Mo. 658, 666–667, 155 S.W.2d 176, 180[15, 16] (banc 1941).

 The mere fact that the amended answer pleaded *defensively* that "the congregation and its members" had acquired title to the disputed area by adverse possession, unaccompanied by an affirmative request that the court determine and adjudicate title, did not give the trial court authority to make such an adjudication and determination. See *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S.W.2d 471, 477[9] (1949) and *City of Caruthersville v. Cantrell*, 230 S.W.2d 160 (Mo.App.1950), in each of which pleadings of a nature similar to those in the instant case are discussed and their legal effect is pointed out.

The portion of the judgment purporting to adjudicate title, set forth in the seventh paragraph of this opinion, must be deleted. The portion of the judgment containing the description of the disputed area and denying plaintiffs relief on the petition, both as to their claim for possession and damages, and assessing the costs against the plaintiffs, is affirmed. The cause is remanded to the trial court with instructions to modify the judgment in accordance with the views expressed herein. As so modified the judgment is affirmed.

It is so ordered.

TITUS, J., and CAMPBELL, BARKER and HENRY, Special Judges, concur.

---

5. At the time *Domyan*, supra, was decided, the Supreme Court of Missouri had exclusive appellate jurisdiction in cases "involving * * * the title to real estate." The court of appeals said: " 'If the judgment *rendered* determine title, that is sufficient to classify the controversy, and title is involved in the constitutional sense, regardless of whether or not the pleadings are broad enough to sustain the judgment.' " *Domyan* at 362. Under the present Constitution of Missouri, Art. V, § 3, the supreme court no longer has exclusive appellate jurisdiction in cases involving the title to real estate and jurisdiction of this appeal is in this court.

6. "[A] defendant who desires to seek the affirmative relief of a court in determining the question of title in respect to the land involved in the action in ejectment must mandatorily do so by way of a counterclaim interposed in such action or else be afterwards precluded from maintaining a suit to quiet title." *City of Caruthersville v. Cantrell*, 230 S.W.2d 160, 162 (Mo.App.1950). See also *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S.W.2d 471 (1949); *Deeds v. Foster*, 235 S.W.2d 262, 265[3] (Mo.1951).