In the Interest of S.L.M., a minor under 17 years of age.

S.L.M., Appellant,

v.

Wilbert LONG, Chief Juvenile Officer of the Juvenile Court of the City of St. Louis, Respondent.

No. 43084.

Missouri Court of Appeals, Eastern District, Division Three.

June 2, 1981.

J. Lawrence Clark, St. Louis City Juvenile Court, Lance Bretsnyder, Tom Motley, Richard Moore, Terry Wiese, St. Louis, for appellant.

Donald Becherer, Graham LaBeaume, St. Louis, for respondent.

CRIST, Presiding Judge.

Juvenile proceeding. An abbreviated history of those facts which pertain to this appeal will facilitate an understanding.

On September 26, 1979, S.L.M., then fourteen years of age, was adjudged to be within the jurisdiction of the juvenile court pursuant to § 211.031.1(1)(b), RSMo.1978. The proceedings were initiated at the instance of S.L.M.'s mother, who asked to be relieved of his custody because he was, "beyond her control." The juvenile court, after an evidentiary hearing, ordered that S.L.M. be placed in the custody of Boys Town of Missouri on the same date it confirmed its jurisdiction.

On December 11, 1979, the court entered an order which modified its previous order and reestablished custody of S.L.M. in his mother with official court supervision and certain conditions. The court specifically retained jurisdiction. Subsequently, on March 19, 1980, the court again modified its judgment when it found, beyond a reasonable doubt, that S.L.M. had violated the terms of custody (i. e., he ran away for two days in February), and referred his custody to Missouri Hills. Again, the court retained jurisdiction.

Finally, upon motion of the Chief Juvenile Officer and after having found beyond a reasonable doubt that the Division of Family Services (Missouri Hills) desired to be relieved of S.L.M.'s custody, the juvenile court yet again modified its order and committed S.L.M. to the custody of the Division of Youth Services, "for appropriate placement."

S.L.M. presents two contentions on appeal. First, he submits the juvenile court erred when it failed to dismiss the juvenile officer's motion to modify because said motion did not state facts sufficient to invoke that court's jurisdiction. Next, he contends the juvenile court abused its discretion when it committed S.L.M. to the custody of the Division of Youth Services without an initial inquiry into the suitability of placing S.L.M. in the home of his brother, who had evinced an interest in acquiring S.L.M.'s custody. We deny both points and affirm the juvenile court's judgment.

The jurisdiction point is without merit. The juvenile court had already accepted jurisdiction over the person of S.L.M. by virtue of the pleadings and proof attendant to its September 26, 1979 order. The juvenile court never relinquished its jurisdiction but had on numerous occasions, stimulated by the subsequent motions to modify, specifically retained jurisdiction as per § 211.041, RSMo.1978. Also, see *State ex rel. McCarty v. Kimberlin*, 508 S.W.2d 196, 199 (Mo.App.1974), and *J.D.H. v. Juvenile Court of St. Louis County*, 508 S.W.2d 497, 499–500 (Mo.banc 1974). The juvenile court retained continuing jurisdiction to modify or amend its earlier orders when circumstances would so dictate. Section 211.251.2, RSMo.1978; *Kimberlin, supra.*

Section 211.251.2, RSMo.1978, allowed S.L.M.'s "legal custodian" (at the time, the Division of Family Services at Missouri Hills as represented by the juvenile officer) to seek modification of the juvenile court's earlier order. The statute does not require the legal custodian to allege any particular facts in its motion as a rationale for the modification request. It was sufficient that the motion merely alleged facts indicative of the court's continued jurisdiction, to-wit: That the court had earlier adjudged S.L.M., "to be within the applicable provisions of § 211.031, RSMo. (1969) [sic]" and, that his legal custodian requested relief of his custody. In order that the juvenile court be better advised of the premises, it was an exercise in sound

judicial discretion that it held a hearing to determine the issues and resolve the matter. Furthermore, it was not an abuse of discretion for the court to refuse to conduct a "home study" of the home of S.L.M.'s brother as a potential source of placement nor to commit S.L.M. to the custody of the Division of Youth Services given the disclosures evident from the record before the court as well as the hearing.

Testimony of the Deputy Juvenile Officer indicated that S.L.M. was a chronic runaway with no appropriate resource facility available to him. A representative of Missouri Hills testified that her facility was ill-equipped to handle S.L.M. or meet his needs if he chose not to remain. Finally, a perusal of the Social Investigation prepared for S.L.M. on April 30, 1980, (a scant nineteen days before the modification order which forms the basis of this appeal) revealed that S.L.M. had been referred to the juvenile court of Scott County on three separate occasions while there residing with his brother, and had been expelled from school. The foregoing constitutes sufficient evidence to support the judgment of the juvenile court, and the failings which S.L.M. would attribute to the juvenile court did not comprise an abuse of its discretion. See, § 211.171.1, RSMo.1978; Rule 119.-05(a); and, A_____ S_____ v. Murphy, 487 S.W.2d 589, 591 (Mo.App.1972).

Affirmed.

REINHARD and SNYDER, JJ., concur.